# Court of Appeals
# of the State of Georgia

ATLANTA, _May 01, 2024_

*The Court of Appeals hereby passes the following order:*

**A24A0721. RAUSHANAH RODGERS v. KHALILAH SLADE.**

Raushanah Rodgers filed suit against her sister, Khalilah Slade, alleging that Slade exercised undue influence over their aunt, who designated Slade as the beneficiary on her financial accounts shortly before the aunt's death. Rodgers also sought an interlocutory injunction that would require Slade to pay the funds she received from her aunt's accounts into the registry of the court or to have the funds placed into a trust account pending resolution of the case. On July 19, 2023, the trial court denied the request for an interlocutory injunction, and Rodgers appealed.[1] We, however, lack jurisdiction.

Ordinarily, an order either granting or denying an interlocutory injunction may be appealed directly. See OCGA § 5-6-34 (a) (4). But Rodgers filed a pro se notice of appeal during a time in which she was represented by counsel. "A layperson does not have the right to represent herself and also be represented by an attorney. As a result, a party cannot attempt to represent herself by filing pro se pleadings, while at the same time she is represented by counsel of record." *Romich v. All Secure, Inc.*, 361 Ga. App. 505, 505 (863 SE2d 179) (2021) (punctuation and footnotes omitted).

---

[1] Rodgers appealed to the Supreme Court, which transferred the case to this Court. See Case No. S24A0262 (Nov. 16, 2023).

Accordingly, Rodgers's pro se notice of appeal is a legal nullity. See id. We thus lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__05/01/2024_____*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.